UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CLORIS BANKS TORREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 1676 CDP |
| | ) | |
| JPMORGAN CHASE BANK, N.A., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

In July 2013, plaintiff Cloris Banks Torrey filed a lawsuit in Missouri state court against the same parties who are defendants to this lawsuit. The state court action was dismissed with prejudice on March 13, 2014. In Torrey's current lawsuit before this court, she claims the defendants perpetrated various acts of fraud upon the state court, and she seeks review and vacation of the of the state court's decision to dismiss her case. The defendants have filed a motion to dismiss Torrey's claims based on this court's lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, federal district courts do not have subject matter jurisdiction to consider appeals from state court judgments. Because I conclude that Torrey's complaint essentially asks this court to review and overturn the Missouri state court's earlier decision, I agree that I do not have jurisdiction in this matter, and I will grant defendants' motion to dismiss.

Additionally, Torrey has filed two motions for leave to file amended complaints. Because I find that Torrey's proposed amended complaints fail to remedy the deficiencies of her current complaint and, to the extent they assert new claims, would be subject to dismissal under Rule 12(b)(6), Fed. R. Civ. P., her motions for leave to amend are denied. Additionally Torrey's numerous miscellaneous motions provide nothing that could change the outcome of the case, and all will be denied as moot.

## I. Legal Standard

A dismissal for lack of subject matter jurisdiction requires that the complaint be successfully challenged on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993). In a facial attack, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true. *Id*. In a factual challenge, the court considers matters outside of the pleadings, and no presumptive truthfulness attaches to the plaintiff's allegations. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir.1990). Furthermore, the existence of disputed material facts does not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id*. at 729. "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the

trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

## II. Factual and Procedural Background

Torrey's claims all appear to originate with her assertion that she is the rightful owner of a St. Louis County home, located at 9422 Westchester Drive, that one or more of the defendants has fraudulently attempted to foreclose on. (Complaint ¶ 13). In her July 2013 state court lawsuit, *Torrey v. JP Morgan*, Case No. 13 SL-CC02395 (St. Louis County, Missouri), Torrey asserted four causes of action, seeking generally, to quiet title to the subject property for redress from defendants' allegedly wrongful foreclosure. In its March 2014 order granting defendant JPMorgan Chase's motion to dismiss these counts, the state court found that Torrey had failed to provide a sufficient factual basis to support her claims. Because Torrey had been given two opportunities to amend her pleadings as well as a hearing on the motion to dismiss, the court concluded her case should be dismissed with prejudice.[1] Torrey filed a notice of appeal in the state appellate court but that court ultimately issued an order dismissing Torrey's case based on her failure to comply with appellate procedures.

---

[1] The court also noted that plaintiff had filed a very similar state lawsuit against various other defendants in October 2012. (Torrey Ex. N). The 2012 lawsuit was dismissed without prejudice in March 2013.

- 3 -

In August 2013, a month after filing her state court action, Torrey also filed a lawsuit in this court concerning the Westchester Drive property. Defendants in that case included the same parties who are defendants in this action and who were defendants in the state court action. In the 2013 federal lawsuit, Torrey asserted the defendants had engaged in an unconstitutional taking of her property. She alleged various federal statutory violations as well as state-law claims for lack of standing, wrongful foreclosure, quiet title, slander of title, fraudulent inducement, and an accounting. *Torrey v. JPMorgan Chase Bank*, No. 4:13CV1611 CEJ, 2014 WL 1648791, at *3-*4 (E.D. Mo. April 24, 2014). In April 2014, after the state court's dismissal of Torrey's case with prejudice, this court also dismissed her federal lawsuit, holding that most of plaintiff's claims were barred by the doctrine of res judicata and the remainder failed to state a claim for relief. *Id*. at *4-*5.

Torrey's amended complaint in the instant matter is titled "Verified Amended Relief Independent Action in Equity to Set Aside Final State Court March 13, 2014 Order/Judgment." Torrey appears to assert two counts, but both counts are labeled "Count 1" and entitled "Relief by Independent Action in Equity to Relief State Court Order Judgment of March 13, 2014 Fraud upon the Court." The substance of the complaint is often incomprehensible but it generally asserts various allegedly fraudulent acts undertaken by defendants in order to stop Torrey's state court action. Torrey claims defendants fraudulently recorded a Deed

of Trust on the subject property, thereby falsely representing to Torrey and the state court that they had the right to collect Torrey's mortgage payments. She alleges that they fraudulently attempted to foreclose on the property and fabricated and forged documents on the property to "undermine the integrity of the judicial system."

Torrey goes on to claim that during the state court action defendant committed fraud on the court by filing improper and/or bogus documents including the defendants' motion to dismiss and an application for change of judge. She asserts that these acts constituted an unconscionable plan or scheme designed to improperly influence the court in its decision. In her second count, Torrey claims that defendants perpetrated a fraud on the court by influencing the court with a falsified transcript and with defendants' counsel's authorship of a December 23, 2013 order which was "perpetrated to mislead the court." She appears to also allege defendants' counsel wrongfully did not enter an appearance in the case and/or improperly entered an appearance six months into the case. She seems to claim that defendants' procurement of the state court judgment in their favor was related to JPMorgan Chase's "purchase force placed insurance on [her] subject property." At the conclusion of her complaint, Torrey "prays that this Court will vacate prior State Court Order/Final Judgment of March 13, 2014, judgment procured by fraud upon the court." She asks the court to for a ruling that

defendants perpetrated a fraud upon the court through use of a "falsified transcript a fictitious not a legal entity of being sued the alleged parties named in summons was jurisdiction defect in the case." She also requests that this court vacate a March 27, 2013 Trustee Sale, and "force placed Insurance on Plaintiff's property based upon unjust enrichment." Torrey asks this court to award her damages, attorneys' fees and costs of litigation.

**IV. Discussion**

A. Torrey's First Amended Complaint

Defendants argue that this court lacks subject matter jurisdiction over Torrey's claims under the *Rooker-Feldman* doctrine.[2] The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that "in effect constitute a challenge to a state court decision." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003). Except for habeas petitions, the United States Supreme Court is the only federal court with jurisdiction to consider the appeal of a state court judgment. *Skit Int'l., Ltd. v. DAC Technologies of Arkansas, Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007). This does not mean a district court is deprived of jurisdiction in every case in which a plaintiff seeks a result different from the one it obtained in state court. *Id.* at 1157. "Rather, *Rooker-Feldman* is implicated in that

---

[2] The *Rooker-Feldman* doctrine is derived from two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it." *Id*.

The 8th Circuit has held that the doctrine applies to preclude a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. *Ballinger*, 322 F.3d at 549 *citing Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997). "This jurisdictional bar extends not only to straightforward appeals but also to more indirect attempts by federal plaintiffs to undermine state court decisions." *Ballinger*, 322 F.3d at 548 (quoted case omitted). The state and federal claims need not be identical for the doctrine to apply. *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 493 (8th Cir. 2000).

To assess whether *Rooker-Feldman* applies in a particular case, a federal court must determine whether the claim before it is "inextricably intertwined" with the claim already decided in the state court. *Silverman v. Silverman*, 338 F.3d 886, 893 (8th Cir. 2003). A claim is inextricably intertwined "if it succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested would effectively reverse the state court decision or void its ruling." *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034-35 (8th Cir. 1999).

*Rooker-Feldman* applies in this case to bar Torrey's claims. Her amended complaint is designated an "action in equity," alleges that her state court judgment was procured by fraud and should not be enforced, and explicitly asks this court to

award her relief by vacating the state court's order against her. Even if, in her final prayer for relief, Torrey had not specifically requested vacation of the state court decision, it is clear that deciding in her favor would void that decision. Torrey claims that her action is brought pursuant to Rule 60(d), which in pertinent part, gives a court the power to "entertain an independent action to relieve a party from a judgment, order or proceeding" and/or "set aside a judgment for fraud on the court." There is no other relief provided for by Rule 60(d), and Torrey does not appear to have requested any alternative relief. She further asserts in her complaint that she is seeking to stop the defendants' fraudulent behavior and "commence" (or re-commence) her July 2013 action in state court. In light of all of this, I conclude that Torrey's federal court action essentially, if not explicitly, amounts to a "prohibited appeal of the state-court judgment" and is barred by the *Rooker-Feldman* doctrine. *See Ballinger*, 322 F.3d at 549.

In her response to the motion to dismiss, Torrey cited Seventh Circuit case law holding that *Rooker-Feldman* does not bar a federal plaintiff from asserting a claim for damages under 42 U.S.C. § 1983 based on the violation of her constitutional rights in a state court proceeding. Even assuming that Torrey's argument were supported by Eighth Circuit case law; *compare Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008) *with Prince v. Arkansas, Bd. of Examiners in Psychology*, 380 F.3d 337, 340-342 (8th Cir. 2004); Torrey's argument fails

because she has not asserted a § 1983 damages claim for violation of her constitutional rights in this case. She has asserted a fraud on the court claim, pursuant to Rule 60(d), asking for direct review and vacation of a state court decision. This court does not have jurisdiction over such a claim. *See Fielder*, 188 F.3d at 1035-36.[3]

      B.    <u>Torrey's Motions to File Additional Amended Complaints</u>

After filing her first amended complaint, Torrey has filed two motions for leave to file additional amended complaints. Each motion attaches the proposed complaint Torrey wishes to file. Defendants have opposed these motions on the ground of futility, arguing that each proposed amended complaint would lead to another motion to dismiss that the court would have to grant. I agree.

Under Rule 15(a)(2), if a party does not have the right to amend its pleading as a matter of course, it may amend with the opposing party's written consent or leave of court. Although leave to amend is to be freely granted under Rule 15(a)(2), a court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–32, (1971). "[D]enial of leave to amend may be justified by undue delay, bad faith on the part of the

---

[3] There is some division among the federal circuit courts regarding the existence of a "fraudulent procurement" or "fraud on the court" exception to the *Rooker-Feldman* doctrine. *See Anctil v. Ally financial, Inc.*, 998 F. Supp. 2d 127, 137 (S.D.N.Y. 2014) (discussing the circuit split on this issue). The Eighth Circuit has seemingly held that there is no such exception. *Fielder*, 188 F.3d at 1035-36.

moving party, futility of the amendment or unfair prejudice to the opposing party." *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 358 (8th Cir.2011) (quoted case omitted). Where leave to amend is denied on the basis of futility, it means the court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules. *Cornelia I. Crowell GST Trust v. Possis Medical, Inc.*, 519 F.3d 778, 82 (8th Cir.2008). *See also Weimer v. Amen*, 870 F.2d 1400, 1407 (8th Cir. 1989) ("[i]t is settled law that district courts have the power to deny leave to amend if the proposed changes would not save the complaint").

The first proposed amended complaint is not substantively different from the first amended complaint, does not remedy the deficiencies of the first amended complaint, and would fail based on the *Rooker-Feldman* doctrine. Therefore, Torrey's first motion to file an amended complaint is denied due to futility. *See id*.

In her second proposed complaint, Torrey again brings her claims as an "independent action in equity." She alleges the defendants procured the state court judgment by a fraud upon the court, seeks relief by an independent action under Rule 60(d)(1), and states that the "judgment should not, in good conscience be enforced." The complaint asserts what appear to be three separate claims. The first and second counts are entitled "Fraud upon the Court" and "Perpetrated a

Fraud on the Court Use of Falsified Transcript," respectively. These counts allege many of the same facts as the first amended complaint.

The third count is entitled "Newly Discovered Material / Fraud." This count is difficult to understand but appears to assert that various representatives of JPMorgan Chase indicated to Torrey that she was required to obtain hazard insurance on her property. When she did not purchase such insurance, the representatives allegedly indicated that JPMorgan Chase had purchased the insurance for her. Torrey seems to claim that through its representatives' correspondence, JPMorgan Chase falsely represented that it had an interest in her property, that it purchased insurance for the property, and/or that Torrey was required to purchase insurance for the property. Torrey goes on to state "Defendants each of them made the above referenced false representation, concealment and non-disclosure with knowledge of misrepresentation, intending to induce Plaintiff's reliance which the unsuspecting justifiably relied upon."

In the prayer for relief at the end of this complaint, Torrey asks the court to "review" the state court order/final judgment and rule that defendants "perpetrated a fraud upon the court procured a state court judgment through the use of a falsified transcript a fictitious not a legal entity of being sued the alleged parties named in summons was jurisdiction defect in the case." She asks for a declaratory judgment that her "Deed of Trust and Promissory discharged in the United States

Bankruptcy Court fully and fairly adjudicated in April 2002." And she asks that this court prevent the defendants "from benefiting from unjust enrichment force placed Insurance placed on Plaintiff's property based upon unjust enrichment."

To the extent that Torrey's proposed amended complaint alleges counts of fraud on the state court and seeks review of that judgment, it would fail under the *Rooker-Feldman* doctrine for the reasons discussed previously.

To the extent Torrey is alleging a new fraudulent misrepresentation claim against defendants related to hazard insurance for her property, Torrey's complaint fails to state a claim for relief. The elements of a Missouri common law fraud claim are:

> 1) a false, material representation; 2) the speaker's knowledge of its falsity or his/her ignorance of the truth; 3) the speaker's intent that his/her representation should be acted upon by the hearer in the manner reasonably contemplated; 4) the hearer's ignorance of the falsity of the representation; 5) the hearer's reliance on the representation being true; 6) the hearer's right to rely thereon; and 7) the hearer's consequent and proximately-caused injuries."

*John Doe CS v. Capuchin Franciscan Friars*, 520 F. Supp. 2d 1124, 1133 (E.D. Mo. 2007). First, Torrey has failed to assert any facts showing she relied on the truth of the misrepresentation and how, or whether, this reliance caused her injury. She claims that the defendants "intended" for her to act on the false representation and "induce [her] to enter into contract for policy of certificate of insurance on [her] property," but she does not allege that she ever entered such a contract.

Furthermore, Torrey's assertion that the representations made by JPMorgan Chase were false is refuted by the terms of the Deed of Trust, which Torrey attached as an exhibit to her proposed amended complaint. Section 5 of the Deed of Trust requires Torrey to maintain hazard or property insurance and permits the lender to obtain such coverage if the borrower fails to do so. This is exactly what Torrey claims JPMorgan Chase represented to her. Lastly, in paragraph 36 of her complaint Torrey states that she "knew the representation of force-placed insurance on plaintiff's property By Defendants was false," but later, in paragraph 37, she states that she did not know the representation was false.

Determining whether a complaint states a plausible claim for a relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 566 U.S. 662, 679 (2009). The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. Torrey has not pled sufficient, coherent, or even consistent facts demonstrating the elements of a cognizable fraudulent misrepresentation claim against defendants. To the extent she has alleged such a claim in her proposed complaint, I conclude she has not "plausibly" suggested an entitlement to relief, and her claim would not withstand a 12(b)(6) motion to dismiss.

Finally, although much of Torrey's second proposed amended complaint is incoherent, there is some implication that she is attempting either to challenge JPMorgan Chase's rights to the subject property or to claim her own rightful ownership of it.[4] This court has already held that, in light of the state court action discussed above, any such claim by plaintiff made against the parties to this lawsuit is precluded by the doctrine of res judicata. *See Torrey v. JPMorgan Chase Bank*, No. 4:13CV1611 CEJ, 2014 WL 1648791, at *3-*4 (E.D. Mo. April 24, 2014).

Because none of Torrey's claims in her second proposed amended complaint would survive a motion to dismiss, I conclude that the proposed amendments would be futile, and her motion to amend is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' second motion to dismiss [#8] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file second verified amended relief by an independent action in equity [#11] and motion to file verified second amended complaint to add newly discovered material [#26] are **DENIED**.

---

[4] For instance, Torrey has prayed for a declaratory judgment that her "Deed of Trust and Promissory were discharged by the Bankruptcy Court in 2002." This appears to be a backhanded request for a declaratory judgment that Torrey holds free and clear title to the subject property.

**IT IS FURTHER ORDERED** that all other pending motions in this matter are **DENIED** as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2015.